**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

SHERILYN SMITH,
*Defendant-Appellant.*

No. 03-4058

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

KERSHENA FLESKES,
*Defendant-Appellant.*

No. 03-4072

Appeals from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-02-121)

Submitted: June 12, 2003

Decided: June 19, 2003

Before WIDENER, LUTTIG, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Dick R. Crownover, CROWNOVER LAW FIRM, Abilene, Texas,
for Appellants. Kasey Warner, United States Attorney, Miller A.

Bushong, III, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Sherilyn Smith (No. 03-4058) and Kershena Fleskes (No. 03-4072) appeal their sentences on guilty pleas on a charge of conspiracy to commit money laundering, in violation of 18 U.S.C.A. § 1956(h) (West Supp. 2003). Smith and Fleskes specifically allege that the district court erred in calculating their offense levels and in applying a two-level enhancement for leadership roles pursuant to USSG § 3B1.1(c) (2001). For the reasons set forth below, we affirm Smith's and Fleskes' convictions and sentences.

As a preliminary matter, because Smith and Fleskes both withdrew their objections to their offense level calculations, this court reviews that objection on appeal for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Brewer*, 1 F.3d 1430, 1434-35 (4th Cir. 1993). The calculation of the base offense level for an 18 U.S.C. § 1956(h) conviction requires using the offense level for the underlying offense from which the laundered funds were derived, in this case, 21 U.S.C. § 846 (2000), unlawful drug trafficking. USSG § 2S1.1. As set forth in the presentence investigation report, Smith and Fleskes could be held accountable for trafficking at least 1000 pounds of marijuana. Counsel for Smith and Fleskes agreed that this was the proper drug amount, and further agreed that the resultant base offense level of twenty-eight was correct. Under these facts, we find no plain error in the district court's determination that twenty-eight was the appropriate base offense level for Smith and for Fleskes.

Smith and Fleskes further claim on appeal, as they did below, that they were "mere facilitators or steerers" as opposed to managers or

supervisors for purposes of USSG § 3B1.1(c), and assert that the district court erred in applying a two-point enhancement to their offense level for leadership roles. We find no error in the district court's rejection of their claim and find to be properly supported by the record the district court's factual findings that Smith and Fleskes: (1) made most of the money from the crime; (2) were responsible for, and exercised control over, drug deliveries made, including where drugs were to be delivered; and (3) selected the courier to be used in the conspiracy. We further find that the district court's determinations that the scope of Smith's and Fleskes' illegal activity was the largest of all those involved in the conspiracy and their participation was essential and central to the success of the crime were not clearly erroneous. *United States v. Withers*, 100 F.3d 1142, 1147 (4th Cir. 1996).

Accordingly, we affirm Smith's and Fleskes' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*